IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHELLE L. JOHNSON,

    Plaintiff,

vs.                                       CASE NO. 5:11-cv-407-RS/CJK

THE GOLD NUGGET, INC.,
d/b/a GOLD NUGGET LOUNGE,
and RICHARD J. RAMU, individually,

    Defendants.
_____/

## ORDER

Before me are Defendants' Motion to Dismiss Amended Complaint (Doc. 26) and Plaintiff Michelle L. Johnson's ("Johnson") Response in Opposition (Doc. 29).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 103 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

Federal Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleader to make a "plain statement" that "shows that the pleader is entitled to relief." *See Twombly*, 550 U.S. at 557 (holding that an accusation of conspiracy requires at least some allegations of illegal combination to survive dismissal). A naked assertion of a crime, "without some further factual enhancement…stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id.* Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. The requirement that the pleader allege factual support for his or her allegations safeguards the courts from groundless claims and allows meritorious claims to move more swiftly to justice. *Twombly*, 550 U.S. at 558.

## II. Analysis

Johnson claims that her employer, Gold Nugget, Inc. ("Gold Nugget"), and its owner, Richard J. Ramu ("Ramu"), violated her federal and state rights when it terminated her employment. Defendants seek dismissal for failure to state a claim upon which relief can be granted (Doc. 26, pp. 1-7). For the reasons set forth in this order, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

### A. Gender/Pregnancy Discrimination

Johnson alleges in counts one and two of her complaint that Gold Nugget discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. While she alleges no factual assertions in those counts, her complaint does allege that Johnson was told by a

manager at the time of her dismissal that she was being fired "because of her pregnancy." (Doc. 10, p. 2)

If shown to be true, such dismissal could be shown to violate Title VII through the Pregnancy Discrimination Act of 1978, which amended Title VII by widening the definition of discrimination "because of sex" to include pregnancy discrimination. Therefore, Johnson has made out a plausible claim for a Title VII violation. These facts, if proven, would also constitute a violation of the Florida Civil Rights Act of 1992 as a form of sex discrimination. *See Carsillo v. City of Lake Worth*, 995 So. 2d 1118, 1120 (Fla. 4th DCA 2008) (holding that Florida Civil Rights Act of 1992 included pregnancy discrimination despite lack of amendment explicitly including pregnancy discrimination within sex discrimination). *But see O'Loughlin v. Pinchback,* 579 So.2d 788, 791–92 (Fla. 1st DCA 1991) (holding that Florida Civil Rights Act of 1992 does not include pregnancy discrimination under sex discrimination).

Because pregnancy discrimination as defined in the Pregnancy Discrimination Act of 1978 is a ground for showing a violation of Title VII, count four of the complaint, which alleges a separate violation of the Pregnancy Discrimination Act of 1978, is redundant and is dismissed. Additionally, there is no "Pregnancy Discrimination Act" in Florida as alleged in count five of the complaint, and that count is dismissed for failure to state a claim upon which relief can be granted.

### B. Family and Medical Leave

Count three of the complaint alleges interference with Johnson's protected rights under the Family and Medical Leave Act. Johnson fails to make any factual assertions to

3

support this claim, and thus it is a naked assertion which fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Count three is dismissed for failure to state a claim upon which relief can be granted.

### C. Unpaid Overtime/Unpaid Wages

Counts six and seven of the complaint allege that Gold Nugget failed to pay Johnson for overtime hours and that Gold Nugget failed to pay Johnson a wage at or above the state minimum wage. Johnson fails to make any factual assertions to support these claims, and thus they are a naked assertion which fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Additionally, Johnson fails to demonstrate that she has attempted to comply with the statutory requirements of the Florida Minimum Wage Act. Compliance with the statutory scheme is required before bringing any claim for unpaid minimum wages. Counts six and seven are dismissed for failure to state a claim upon which relief can be granted.

## III. Conclusion

**IT IS ORDERED** that the Motion to Dismiss (Doc. 22) is

**GRANTED** as to counts three, four, five, six and seven.

**DENIED** as to counts one and two.

**ORDERED** on July 5, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**